Gloria FAULK, et al., Plaintiffs,

v.

HOME OIL COMPANY, INC.,
et al., Defendants.

No. CIV.A.96–A–1384–N.

United States District Court,
M.D. Alabama,
Northern Division.

June 28, 1999.

Robert F. Childs, Jr., Ann C. Robertson, Maury Steven Weiner, Gordon, Silberman, Wiggins & Childs, Birmingham, AL, Bobbie S. Crook, Dothan, AL, for plaintiffs.

Wesley C. Redmond, Frank S. James, III, Berkowitz, Lefkovits, Isom & Kushner, Birmingham, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

Before the court is Plaintiffs' Motion for Class Certification, filed on June 16, 1999. This is the second motion for class certification filed in this case. On March 9, 1999, this court entered a Memorandum Opinion and Order denying Plaintiffs' first Motion for Class Certification. *See Faulk v. Home Oil Co.*, 184 F.R.D. 645 (M.D.Ala.1999). In reaching its decision, the court relied extensively on the analysis of Federal Rule of Civil Procedure 23(b) in *Allison v. Citgo Petrole-*

*um Corp.*, 151 F.3d 402 (5th Cir.1998). With the present motion, Plaintiffs ask this court to revisit its March 9, 1999 Order in light of the following passage in the Fifth Circuit's denial of a petition for panel rehearing in *Allison:*

> In denying rehearing, the panel majority makes the following observation: The trial court utilized consolidation under rule 42 rather than class certification under Rule 23 to manage this case. We review that decision for abuse of discretion and we find no abuse in this case. We are not called upon to decide whether the district court would have abused its discretion if it had elected to bifurcate liability issues that are common to the class and to certify for class determination those discrete liability issues.

*See* Attachment to Memorandum Brief in Support of Plaintiffs' Motion for Class Certification (File Doc. 51).

Plaintiffs cite this passage for the proposition that *Allison* "was not meant to hand down a general rule that all proposed classes that assert claims for damages are uncertifiable; the panel had merely decided that the district court had not abused its discretion in denying certification, not that it would have been improper for the district court to grant certification." Plaintiffs' Br. at 1. This court was well aware of the procedural posture of the *Allison* case when it rendered its Order and has no general quarrel with the Plaintiffs' position. The order denying panel rehearing, however, does not reflect a retreat from the analysis in *Allison* which this court found persuasive. This court did not interpret *Allison* as establishing a bright-line rule that all proposed classes which assert claims for damages are uncertifiable. Rather, the *Allison* court examined how the availability of compensatory and punitive damages and a jury trial for claims of intentional discrimination impacts the requirements of Rule 23(b).

Prior to passage of the Civil Rights Act of 1991, the court determined liability and appropriate remedies in all Title VII cases, and monetary relief was limited to backpay and other equitable remedies. The Civil Rights Act of 1991 allowed plaintiffs to seek compensatory and punitive damages for claims of

unlawful intentional discrimination. *See* 42 U.S.C. § 1981a(a)(1). Additionally, the Act permitted either party to demand a jury trial when plaintiffs seek compensatory and punitive damages. *See id.* § 1981(c). Based on the analysis in *Allison* and *Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1006 (11th Cir.1997), this court found that the Plaintiffs could not meet the requirements of Rule 23(b), rendering class certification inappropriate. *See Faulk,* 184 F.R.D. at 663.

Rule 23(b) provides in part:

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

. . .

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b).

According to the Advisory Committee Notes on the 1966 Amendments to Rule 23, Rule 23(b)(2) was intended to cover "[c]ivil rights cases against parties charged with unlawful, class-based discrimination." *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 614, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997)(citing Adv. Comm. Notes on Fed. R.Civ.P. 23, 28 U.S.C.App., p. 697). Subdivision (b)(2), however, "does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." Fed.R.Civ.P. 23 (advisory committee notes). In *Allison,* the Fifth Circuit elaborated on the Advisory Committee Notes as follows:

[M]onetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief. By incidental we mean damages that flow directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief. Ideally, incidental damages should be only those to which class members automatically would be entitled once liability to the class (or subclass) as a whole is established. That is, the recovery of incidental damages should typically be concomitant with, not merely consequential to, class-wide injunctive or declaratory relief. Moreover, such damages should at least be capable of computation by means of objective standards and not dependent in any significant way on the intangible, subjective differences of each class member's circumstances.

*Allison,* 151 F.3d at 415 (citations omitted).

 There is no bright-line rule that a request for "legal" damages renders certification inappropriate under Rule 23(b)(2) for all proposed classes. In fact, this court recently certified a class under Rule 23(b)(2) of retirees seeking restoration of medical benefits under ERISA and the LMRA. *See Groover v. Michelin North America,* 187 F.R.D. 662 (M.D. Ala.1999). For claims of intentional discrimination such as those in the present case, however, compensatory and punitive damages are "uniquely dependent on the subjective and intangible differences of each class member's individual circumstances." *Allison,* 151 F.3d at 418. Compensatory damages are not common to the class, but require "specific individualized proof" of actual injury, and "cannot be calculated by objective standards." *Id.* at 417. Thus, the monetary damages sought in the present case are not incidental to requested injunctive or declaratory relief, and certification under Rule 23(b)(2) is inappropriate.

Though the Plaintiffs sought certification solely under Rule 23(b)(2) in their first motion, the court determined that certification was also inappropriate under Rule 23(b)(3). The two essential requirements of Rule 23(b)(3) are that the common questions "predominate over any questions affecting only individual members" and that the class action procedure be "superior ... for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). "In other words, the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." *Jackson*, 130 F.3d at 1005. The predominance inquiry under Rule 23(b)(3) is "far more demanding than Rule 23(a)'s commonality requirement." *Id.* (quoting *Amchem*, 521 U.S. at 624, 117 S.Ct. at 2249–50).

Clearly, *Allison* does not stand for the proposition that a class can never be certified when the plaintiffs assert claims for damages. The *Allison* court expressly recognized that Rule 23(b)(3) is the "appropriate means of class certification when monetary relief is the predominant form of relief sought and the monetary interests of class members require enhanced procedural safeguards." *Allison*, 151 F.3d at 413. In *Allison*, the plaintiffs argued that the "common, overarching issue regarding the existence of plant-wide racially discriminatory practices or policies" justified certification under Rule 23(b)(3). *Id.* at 420. Specific practices which the plaintiffs challenged included Citgo's failure to post or announce job vacancies, use of word-of-mouth publication, use of tests to evaluate candidates for hire or promotion, and subjective decisionmaking process by a predominantly white supervisory staff in reviewing applicants and employees. *See id.* at 407.

The court found no abuse of discretion in the district court's decision denying certification under Rule 23(b)(3) because the "plaintiffs' claims for compensatory and punitive damages in the instant case" would "turn ultimately on the special circumstances of each individual's case." *Id.* at 420. Earlier, the court noted that the plaintiffs' claims for compensatory and punitive damages "focus almost entirely on facts and issues specific to individuals rather than the class as a whole: what kind of discrimination was each plaintiff subjected to; how did it affect each plaintiff emotionally and physically, at work and at home; what medical treatment did each plaintiff receive and at what expense; and so on and so on." *Id.* at 419. In turn, the "predominance of individual-specific issues relating to the plaintiffs' claims for compensatory and punitive damages detracts from the superiority of the class action device in resolving these claims." *Id.*

In *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999 (11th Cir.1997), the Eleventh Circuit found an abuse of discretion in a district court's decision to certify a class alleging a nationwide racially discriminatory practice of renting vacant rooms and providing housekeeping services. The plaintiffs argued that the issue whether Motel 6 had a practice or policy of discriminating against patrons and employees on the basis of race predominated over individual issues. *See id.* at 1005. The district court had agreed with the plaintiffs and found that class resolution would be more efficient and cost-effective. Reversing the district court, the Eleventh Circuit noted that the "plaintiffs' claims will require distinctly case-specific inquiries into the facts surrounding each alleged incident of discrimination." *Id.* at 1006. Thus, the court found that most of the plaintiffs' claims would stand or fall on the case-specific issues, rather than a finding of a pattern or practice of discrimination. *See id.*

Plaintiffs in the present case assert that a class should be certified because the lawsuit challenges specific policies, practices, and procedures which constitute a pattern and practice of discrimination adversely affecting all African–American applicants and employees. There are issues which are common to the class, including the influence of Jim Quintero over employment decisions and the company's procedures for hiring and promotion. For support, Plaintiffs rely on *Israel v. Avis Rent–A–Car Systems, Inc.*, 185 F.R.D. 372 (S.D.Fla.1999).

In *Israel*, the district court certified a class of Jewish individuals allegedly denied the

benefits of an Avis corporate account based on an undisputed "Yeshiva" policy written by upper management. Before turning to (b)(3), the court cited *Allison* and determined that certification under (b)(2) would be improper. *See id.* at 383–84 ("Compensatory damages are not common to the entire membership, nor shared by all in equal degree. To the contrary, whatever injury may have been suffered is peculiar to the individual member concerned and both the fact and extent of injury would require individualized proof. Under these circumstances, certification is not appropriate under (b)(2)."). The court then addressed the impact of *Jackson* on certification under (b)(3).

Avis argued that the *Jackson* opinion foreclosed certification of any disparate treatment discrimination case brought in the Eleventh Circuit. *See id.* at 384. Rejecting that argument, the court distinguished the case before it from *Jackson*. According to the court, the plaintiffs in *Jackson* relied wholly on anecdotal evidence and offered no evidence "bridging" the allegations of discrimination by individual managers to company-wide policies and procedures. *See id.* at 384–85. In contrast, the *Israel* plaintiffs offered "undisputed" evidence that "Avis employed a 'Yeshiva' policy and that the 'Yeshiva' policy emanated from its World Reservations Center." *Id.* at 385. The court stated, "[M]ost if not all of plaintiffs' claims will stand or fall on the question whether Avis has adopted and applied such a centralized policy and practice of ethnic and religious discrimination, and not on the resolution of the highly case-specific factual issues...." *Id.* The court asserted, "That fact questions unique to individual class members may remain after the predominant common question has been resolved does not defeat predominance." *Id.* Moreover, the court noted that "numerous cases have held that the existence of separate issues concerning damages sustained by individual members will not prevent a common issue of liability from being adjudicated on a class-wide basis." *Id.*

Plaintiffs in the present case argue that they have "bridged the gap" by challenging specific employment practices which affected all employees and applicants. This court maintains, however, that under a straightforward application of the principles espoused in *Jackson* and *Allison*,[1] certification under Rule 23(b)(3) is inappropriate in the present case. Entitlement to recovery on the plaintiffs' claims for compensatory and punitive damages will come not merely from a finding of liability on the common issues, but from individualized proof of actual injury. Thus, as in *Jackson*, the plaintiffs' claims will require distinctly case-specific inquiries into the facts surrounding each alleged incident of discrimination.

Questions affecting individual members, such as how they were discriminated against and how it affected them individually, involve not merely "separate issues concerning damages," but differences in whether individual members can prove their claims. Under such circumstances, the common issues will not predominate over questions affecting only individual members. Nor will a class action be superior to other available methods for the fair and efficient adjudication of the controversy. Despite the Plaintiffs' arguments to the contrary, the court also continues to find that bifurcation of the proceedings would not prevent this case from breaking down into an "unmanageable variety of individual legal and factual issues."

There may be disparate treatment cases which satisfy the requirements of Rule 23(b)(3). In addition to the court which decided *Israel*, at least one other district court in this circuit has certified a disparate treatment class under that subdivision, distinguishing *Allison* and *Jackson*. *See Carter v. West Publishing Co.*, No. 97–2537–CIV–T–26A, 1999 WL 376502 (M.D.Fla. May 20, 1999)(certifying class of female employees who alleged rights under Title VII and the Equal Pay Act to stock ownership in part because the plaintiffs did not assert claims based on discrimination in hiring or promotion, and the case did not focus on the

---

1. The court recognizes that *Allison* is not binding precedent. As the court noted in its March 9, 1999 Order, the court "is of the opinion, particularly in view of the decision in *Jackson v. Motel 6*

*Multipurpose, Inc.*, 130 F.3d 999, 1006 (11th Cir.1997), that the Eleventh Circuit will apply the same reasoning as the Fifth Circuit, with similar results." *Faulk*, 184 F.R.D. at 663.

factual issues regarding the various employment histories of the class members). *But see Saunders v. BellSouth Advertising & Publishing Corp.*, No. 98–1885, 1998 WL 1051961, 1998 U.S. Dist. LEXIS 20523 (S.D.Fla. Nov. 12, 1998)(citing *Jackson* and dismissing class allegations filed on behalf of certain African–American applicants and employees of Defendant because the Plaintiffs could not satisfy the requirements of (b)(2) or (b)(3) as a matter of law).

This court finds that the present case has not satisfied the requirements of Rule 23(b). Accordingly, the Plaintiffs' Motion for Class Certification is due to be and is hereby DENIED.